### NOAH ELLEN v. S. F. THRASHER.

Decided, March 18, 1907.

*Pleading and Practice—An Answer Denying Any Consideration for a Note Upon Which Action is Brought in the Short Form Requires a Reply.*

Where a petition filed by the payee declares upon a promissory note in the short form and the answer avers that the note was obtained without any consideration whatsoever, in the absence of any reply by plaintiff the defendant is entitled to a judgment on the pleadings.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This was a suit upon a promissory note brought by Thrasher, the payee, against Ellen, the maker. The petition declared upon the note in the short form, showed that partial payment had been made upon the note, and prayed judgment for the balance and interest. The answer admitted the making and delivering of the note and payment of part of it, but alleged that "said note was given to and obtained by the plaintiff without any consideration whatsoever." There was no reply to this answer. Upon the trial, before the introduction of any evidence, the defendant moved for judgment on the pleadings. This motion was overruled, the defendant excepted and the case proceeded over his objection, ending in verdict for the plaintiff. The case is here on error, and while many reasons are assigned why the judgment should be reversed, we find it unnecessary to consider any of them except the overruling of the defendant's motion for judgment on the pleadings.

While it has been said that a petition declaring upon a promissory note in the short form authorized by the statute by implication alleges that the instrument is upon consideration, it may, perhaps, be more accurate to say that the statute authorizes the payee of a promissory note to sue upon it in that form

without alleging consideration; in other words, that the statute dispenses with an allegation as to consideration.

On the other hand, it has been repeatedly held that want of consideration can not be shown under a general denial, but must be specially pleaded in the answer. Such being the case, we conclude that it is "new matter" within the purview of Section 5078, Revised Statutes, requiring a reply, and a material allegation, as defined in Section 5082.

Section 5081 says:

"Every material allegation of new matter in the answer not controverted by the reply, shall for the purposes of the action, be taken as true."

It follows that the defendant below was entitled to judgment on the pleadings, because there was no reply to his answer. See *Dalrymple* v. *Wyker*, 60 O. S., 108.

In this view of the case, what occurred after the overruling of the defendant's motion for judgment on the pleadings is immaterial, and for that reason we pay no attention to the other errors alleged to have occurred at the trial.

Judgment affirmed.